

## HUNTER TAUBMAN FISCHER & LI LLC

NEW YORK     WASHINGTON, D.C.     MIAMI

JENNY JOHNSON-SARDELLA, ESQUIRE
(ADMITTED NY, FL AND DC)

E-MAIL: JSARDELLA@HTFLAWYERS.COM

April 27, 2018

**<u>Via CM/ECF</u>**

Honorable Judge John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street, Rm. 20C
New York, New York 10007

Re:   ***EMA Financial, LLC v. Petrone Worldwide, Inc. and Petrone Food Works, Inc.***
      **<u>Case Number 1:17-cv-08558-JFK</u>**

Dear Judge Keenan:

Pursuant to the *Practices of Judge John F. Keenan*, Rule 1(A), Plaintiff EMA Financial, LLC (**"Plaintiff"** or **"EMA"**), respectfully requests a pre-motion conference to discuss its anticipated motion for summary judgment (**"MSJ"**).  EMA intends to file a MSJ pursuant to Rule 56 of the Federal Rules of Civil Procedure (**"Rule(s)"**), and bases its anticipated MSJ on the following:

### Basis for Motion for Summary Judgment

It is well established in the Second Circuit that "[s]ummary [j]udgment is designed to pierce the pleadings to flush out those cases that are predestined to result in a directed verdict." *GAMCO Investors, Inc. v. Vivendi, S.A.*, 917 F. Supp. 2d 246, 250 (S.D.N.Y.2013) (citing *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997)).  As such, summary judgment is appropriate "if the pleading, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

When determining a motion for summary judgment, a court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inference against the movant."  *Brod v. Omya, Inc.*, 653 F. 3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donelley Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).  However, a non-moving party "may not rely on mere conclusory allegations or speculation, but instead must offer some <u>hard evidence</u> showing that its version of the events is not wholly fanciful."  *Howard v. City*

*of New York*, 12-CV-8614 (VEC), 2014 U.S. Dist. LEXIS 148756, at *12 (S.D.N.Y. Oct. 20, 2014) (Caproni, J.) (citations omitted) (emphasis added).

In the instant matter, EMA's Complaint (Docket Entry (**"D.E."**) 1) alleges causes of action for breach of contract and unjust enrichment based on Defendants Petrone Worldwide, Inc. (**"Petrone Worldwide"**) and Petrone Food Works, Inc.'s (**"Petrone Food"**) (collectively, **"Defendants"**) breaches of the 10% convertible promissory note Defendants issued to EMA on June 22, 2017 (the **"Note"**). *See* D.E. 1. In response, Defendants filed an Amended Answer and Affirmative Defenses D.E. 20 (**"Defendants' Answer"**), that lacks any evidentiary support and insufficiently raises the defense of criminal usury. *See* D.E 20. The facts of this case clearly establish that no genuine issue as to any material fact exists as to EMA's causes of action. The pleadings filed in this matter establish that EMA provided Petrone Worldwide with the funds Petrone Worldwide was entitled to receive under Note, and that Petrone Worldwide subsequently defaulted under the terms of the Note. *See* D.E. 1. For example, Section 1.3 of the Note required Petrone Worldwide to maintain an adequate number of shares of common stock for conversion under the Note. However, Petrone Worldwide failed to do so. *See id.* at 3-5. As further discussed below, no genuine issue of fact remains as to Defendants' liability under the Note.

In accordance with this Court's January 23, 2018 order, the parties have conducted document discovery, and the documents produced in this matter are sufficient to establish PetroneWorldwide's receipt of the loan proceeds under the Note and its subsequent breaches of the Note.[1] Although Defendants have raised the defense of criminal usury, the pleadings and discovery conducted in this matter fail to raise any triable genuine issue of material fact as to the defense. "Usury is an affirmative defense, and a heavy burden rests upon the party seeking to impeach a transaction based upon usury." *Union Capital LLC v. Vape Holdings, Inc.*, No. 16 Civ. 1343 (RJS), 2017 WL 1406278, at *4 (S.D.N.Y. Mar. 31, 2017). A"[d]efendant [must] establish usury by clear and convincing evidence." *Sabella v. Scantek Med., Inc.*, No. 08 Civ. 453(CM)(HBP), 2009 WL 3233703, at *17 (S.D.N.Y. Sept. 25, 2009) (emphasis added). The criminal usury statute under of the New York Penal Law provides that "[a] person is guilty of criminal usury in the second degree when . . . he knowingly charges, takes or receives any money . . . as interest on the loan . . . of any money . . . , at a rate exceeding [25% per annum]." New York Penal Code §190.40. In order "[f]or a loan to be criminally usurious under [] Section [190.40], the alleged usurer must 'knowingly' charge interest in excess of the legal rate." *Mallis v. Bankers Trust Co.*, 615 F.2d 68, 77 (2d Cir. 1980) (emphasis added). Defendants have not satisfied their heavy burden in establishing the criminal usury defense. Defendants' Answer merely contains conclusory allegations of usury, and the documents produced in this matter also fail to establish the usury defense by clear and convincing evidence. *See* D.E. 20.

The Note at issue in this matter is clearly not usurious on its face, and Defendants are in

---

[1] In response to EMA's First Request for Admissions to Defendants, Defendants admit that they received funds from EMA pursuant to the Note:

> **Request No. 2**
> Admit that Petrone Worldwide received the Loan Proceeds from EMA pursuant to the June 22, 2017 Convertible Promissory Note Petrone Worldwide issued to EMA.
> **Response to Request No. 2**
> Admit.

default pursuant to the terms of the Note.[2]  This District has held that "New York's usury laws do not apply to '<u>defaulted obligations</u>.'" *Llewellin v. Asset Acceptance, LLC*, 2015 U.S. Dist. LEXIS 145437 (S.D.N.Y. 2015) (emphasis added).  Similarly, *Prowley v. Hemar Ins. Corp. of Am.*, No. 1:05 CV. 981(KTD), 2010 WL 1848222 (S.D.N.Y. May 7, 2010) held that "New York usury laws do not apply to default obligations," and *Bristol Inv. Fund, Inc. v. Carnegie Int'l Corp.*, 310 F. Supp. 2d 556 (S.D.N.Y. 2003) held that "it is well established that the usury statutes do not apply to defaulted obligations."  As stated herein, EMA's Complaint and the discovery produced in this matter has established that (1) Petrone Worldwide received funds from EMA pursuant to the Note, (2) Petrone Worldwide breached the terms of the Note, and (3) Defendants cannot prove a usury defense.  Since no triable issues of fact remain, judgment must be entered in favor of EMA, including an award of attorneys' fees and costs pursuant to Section 4.6 of the Note.

Based on the foregoing and other related arguments that will be set forth in briefing, EMA respectfully requests that the Court schedule a pre-motion conference to discuss EMA's filing of a MSJ.  EMA reserves the right to supplement its MSJ with additional facts and arguments.  Should you have any questions, please feel free to contact the undersigned.

Sincerely,

*Jenny Johnson-Sardella*

Jenny Johnson-Sardella

cc:     All Counsel of Record

---

[2] Petrone Food is the guarantor of Petrone Worldwide's obligations under the Note.  *See* D.E. 1 at Exh. A. However, Petrone Food failed to satisfy Petrone Worldwide's obligations upon Petrone Worldwide's default under the Note.  *See id.* at ¶10; *see also id.* at Exhibit A.